IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM MUTHEE MUIRURI, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-25-1270-HE |
| ) | |
| DON JONES, et al., ) | |
| ) | |
| Respondents. ) | |

## REPORT AND RECOMMENDATION

Petitioner William Muthee Muiruri, represented by counsel, filed a Petition for Writ of Habeas Corpus seeking relief under 28 U.S.C. § 2241.[1] (Doc. 1). United States District Judge Joe Heaton referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). (Doc. 3). Respondents filed a Response in Opposition to the Petition for Habeas Corpus.[2] (Doc. 9). Petitioner did not file a reply brief. For the reasons set forth below, the undersigned recommends the Court **DISMISS** the Petition without prejudice because: (a) the Court is without jurisdiction to entertain Petitioner's claims regarding a request for a stay from removal; and (b) Petitioner does not qualify for a reasonable fear interview under the regulations asserted in the Petition.

---

[1] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

[2] The response was not filed on behalf of Respondent Don Jones. (Doc. 9, at 7).

I.      **Factual Background and Procedural History**

Petitioner is a Kenyan citizen. (Doc. 1, at 9; Doc. 9, at Ex. 2, at 2). In 2010, the Department of Homeland Security served a Notice to Appear on Petitioner charging him with being removable from the United States under 8 U.S.C. §§ 1227(a)(1)(C)(i) and 1227(a)(3)(D). (Doc. 9, at Ex. 2, at 2). The following timeline provides context to Petitioner's claims:

- **May 29, 2013** – An Immigration Judge ordered Petitioner removed from the United States to Kenya. (Doc. 1, at 10; Doc. 9, at Ex. 2, at 2).

- **December 17, 2014 –** The Board of Immigration Appeals dismissed Petitioner's appeal. (Doc. 1, at 10; Doc. 9, at Ex. 2, at 2).

- **May 21, 2025**, Petitioner filed an application for T Nonimmigrant Status, alleging he is a victim of human trafficking. (Doc. 1, at 10; Doc. 9, at Ex. 2, at 3).

- **October 23, 2025** – Agents from the United States Immigration and Customs Enforcement ("ICE") detained Petitioner. (Doc. 1, at 10; Doc. 9, at Ex. 2, at 3). Petitioner asserts his immigration attorney attempted to file Form I-246 Stay of Removal with the Kay County Detention Center ("KCDC"), but the facility was closed. (Doc. 1, at Ex. 3, at 1).

- **October 24, 2025 –** Petitioner asserts his immigration attorney again attempted to file a form I-246 at KCDC, but the filing was rejected and the attorney was told "he had to file it at Kansas City Office." (*Id.*) The attorney drove to the Kansas City Office, but the office was closed when he arrived at 3:30 p.m. (*Id.*) Respondent contends that an attorney attempted to serve the form at the Oklahoma City Enforcement and Removal Operations office, but "the filing was rejected due to insufficient payment and because it lacked a Form G-28, Notice of Entry of Appearance as Attorney or Accredited Representative." (Doc. 9, at Ex. 2, at 3).

- **October 25, 2025** – Petitioner filed a motion to reopen proceedings and to stay removal with the Kansas City Immigration Court. (Doc. 1, at 11).

- **October 27, 2025** – Petitioner filed the Petition in this action. (Doc. 1).

2

## II. Petitioner's Claims and Requested Relief

In Count One, Petitioner contends "Respondents may not suspend the right to apply for administrative stay of removal by effectively refusing to accept Petitioner's application." (Doc. 1, at 12). He asserts he must be allowed to move for the stay under 8 C.F.R. § 241.6. (*Id.*) Additionally, he contends that he may not be removed without being afforded a "reasonable fear interview . . . given his fear of returning to his country of removal." (*Id.*)

In Count Two, Petitioner asserts "[t]his Court must stay [his] removal to allow the Department of Justice to review his motion to reopen proceedings." (*Id*.) He asserts that "the Suspension Clause" of the United States Constitution "requires that habeas corpus be granted to allow for an answer to Petitioner's motion to reopen, given his fear of return to his country, and particularly since Petitioner is a victim of human trafficking." (*Id.*)

## III. Analysis

Petitioner asks the Court to issue a writ of habeas corpus "requiring that Respondents provide Petitioner with an opportunity to apply for a stay of removal and to have a reasonable fear interview" and to stay removal for a period of fourteen days after the Department of Justice has issued a decision on Petitioner's motion to reopen proceedings.³ (*Id.* at 13). Petitioner asserts the Court has jurisdiction under 28 U.S.C. §

---

³ Petitioner's request to reopen the case, pending at the time of the filing of the Petition and response, was denied December 6, 2025. *See* https://acis.eoir.justice.gov/en/caseInformation (accessible by searching for Petitioner's A-Number and nationality) (last accessed Dec. 11, 2025). So even if the Court had jurisdiction to stay his removal for fourteen days after a decision on his motion to reopen,

3

2241, federal question jurisdiction under 28 U.S.C. § 1331, and jurisdiction under Article I, Section 9, Clause 2 of the United States Constitution (the "Suspension Clause"). (Doc. 1, at 3). Additionally, Petitioner asserts the Court may grant relief under "28 U.S.C. § 2241, *et seq.*, the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and the All Writs Act, 28 U.S.C. § 1651." (*Id.*) (citation modified). Respondents argue the Court does not have jurisdiction to interfere in the execution of his removal by staying it and that Petitioner is not entitled to a reasonable fear interview under the regulation asserted in the Petition. (Doc. 9, at 8, 10-16). The Court agrees with Respondents and, as a result, recommends that the Court dismiss the Petition.

### A. The Court Lacks Jurisdiction to Entertain Petitioner's Request to Stay His Removal.

#### 1. 8 U.S.C. § 1252 Serves as a Jurisdictional Bar

Respondents contend that the Court lacks jurisdiction to grant Petitioner's request for a stay of his removal under the Immigration and Nationality Act ("INA"). The INA provides that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal." 8 U.S.C. § 1252(a)(5). Another provision provides that "no court shall have jurisdiction" – including under 28 U.S.C. § 2241 and "any other provision or law (statutory or nonstatutory)" – "to hear any cause or claim by or on behalf of any alien arising from the decision or action by

---

such relief will be moot by the time the objection period to this Report and Recommendation elapses.

the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien." 8 U.S.C. § 1252(g).

Because "a request for a stay of removal" – at least in the circumstances present here – "'arises from' the Attorney General's decision . . . to execute a removal order," the Court lacks jurisdiction to entertain Petitioner's request for a stay of his removal. *Sharif ex rel. Sharif v. Ashcroft*, 280 F.3d 786, 787 (7th Cir. 2002); *see also Singh v. United States Immigr. & Customs Enf't Field Off. Dir.*, No. 2:24-CV-00705-RSL-TLF, 2025 WL 746295, at *10 (W.D. Wash. Feb. 14, 2025) (finding the petitioner's "request to stay his removal arises directly from the Government's decision to execute a final order of removal" where he sought a stay of removal while his "U-visa application" was pending), *adopted*, 2025 WL 745629 (W.D. Wash. Mar. 7, 2025). This is consistent with a decision of this Court, which found it "lack[ed] jurisdiction to hear Plaintiff's claims regarding the execution of his removal order" when he sought "an order enjoining [his] removal from the United States." *Torres-Moreno v. United States Dep't of Homeland Sec. Immigr. & Customs Enf't*, No. CIV-22-438-G, 2022 WL 1785494, at *2 (W.D. Okla. May 31, 2022) (citing 8 U.S.C. § 1252(g)). Further, other courts have also found provisions in 8 U.S.C. § 1252 preclude jurisdiction to stay removal. *See Villatoro v. Noem*, No. 25-CV-05306 (OEM), 2025 WL 2880140, at *3 (E.D.N.Y. Oct. 9, 2025) (noting that "district courts in [the Second Circuit] routinely hold that they lack jurisdiction to stay orders of removal" and finding "the Section 1252 jurisdictional bar" applied where petitioner sought stay of removal while his T-visa application was pending) (collecting cases); *Westley v. Harper*, No. CV 25-229, 2025 WL 592788, at *4 (E.D. La. Feb. 24, 2025) ("[T]he key injunctive

5

relief prayed for in the petition and motion – specifically, a stay of Petitioner's removal from the United States in general and an order staying her removal until her T-visa application is fully adjudicated – falls outside of this Court's jurisdiction."); *Julce v. Smith*, No. CV 18-10163-FDS, 2018 WL 1083734, at *4 (D. Mass. Feb. 27, 2018) ("It is clear that this Court does not have jurisdiction to stay petitioner's final removal order."). The undersigned similarly finds this provision applies to prohibit jurisdiction over Petitioner's request that the Court order Respondents to provide Petitioner with an opportunity to apply for a stay of removal.[4]

Petitioner did not file a reply brief responding to Respondents' brief, and he did not cite any cases in the Petition asserting 8 U.S.C. § 1252 does not present a jurisdictional bar. Indeed, the case cited by Petitioner for the proposition that jurisdiction is appropriate, (Doc. 1, at 3), states "the statutory language [of 8 U.S.C. § 1252] appears to divest this Court of jurisdiction to consider [the] petition as it relates to a stay of removal." *Budiono v. Barr*,

---

[4] Petitioner alleged difficulties in filing an application for administrative stay of removal on a Form I-246 under 8 C.F.R. § 241.6. (Doc. 1, at 10-11; *id.* at Ex. 3, at 1). Respondents allege at least some of these attempts at filing the application were rejected for administrative reasons – such as lacking a filing fee, lacking an appearance of counsel or other representative, and being delivered by mail. (Doc. 9, at Ex. 2, at 3). It is not clear whether ICE has rejected a properly presented application. So even if the Court had jurisdiction over this claim, it is unclear whether Petitioner has a claim at all.

Petitioner also asserts he submitted a motion to reopen proceedings and to stay removal to the Kansas City Immigration Court, which Respondents confirmed. (Doc. 1, at 11; Doc. 9, at Ex. 2, at 3). This is a different vehicle to obtain a stay and is determined by an Immigration Judge or the Board of Immigration Appeals rather than other ICE officials. 8 C.F.R. § 241.6(b). And as noted, above, the request to reopen the case was denied December 6, 2025.

No. 4:19-CV-01635, 2019 WL 5569182, at *2 (M.D. Pa. Oct. 29, 2019). That case (and others cited by Petitioner) considered whether § 1252 violated the Suspension Clause of the United States Constitution. *Budiono*, 2019 WL 5569182, at *2-6. But as discussed below, the Suspension Clause does not apply here to save jurisdiction.

### 2. 8 U.S.C. § 1252 Does Not Violate the Suspension Clause of the United States Constitution.

Petitioner contends that "federal courts across the nation have, in habeas corpus cases, stayed the removal of noncitizens specifically to allow for a decision on a motion to reopen with the Board of Immigration Appeals when removal was imminent and the Petitioner had a fear of returning to their country of removal, based on the Suspension Clause of the U.S. Constitution." (Doc. 1, at 7). The undersigned finds Petitioner's argument is without merit.

"The Suspension Clause provides that '[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.'" *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 116 (2020) (quoting U.S. CONST., art. I, § 9, cl. 2.). "[T]he Clause, at a minimum, 'protects the writ as it existed in 1789,' when the Constitution was adopted." *Id.* (quoting *INS v. St. Cyr*, 533 U.S. 289, 301 (2001)).

In *Thuraissigiam*, the habeas petitioner filed a petition asserting "a fear of persecution based on his ethnicity and political views" and sought a "new opportunity to apply for asylum." *Id.* at 114-15 (citation modified). In other words, his ultimate goal was "to obtain authorization to stay in this country." *Id.* at 107. The Court determined the

habeas petitioner was unable to show "that the writ of habeas corpus was understood at the time of the adoption of the Constitution to permit a petitioner to claim the right to enter or remain in a country or to obtain administrative review potentially leading to that result." *Id.* at 117.  Instead at that time "the writ simply provided a means of contesting the lawfulness of restraint and securing release." *Id.*

While the Court did not "consider whether the scope of the writ as it existed in 1789 defines the boundary of the constitutional protection," *id.* at 116 n.12, courts have cited *Turaissigiam* when denying Suspension Clause arguments by petitioners who, like Petitioner here, did not seek release from detention.  *See Mohit v. U.S. Dep't of Homeland Sec.*, 478 F. Supp. 3d 1106, 1111 (D. Colo. 2020) (finding that the petitioner's requested relief – including that he be given a legally sound credible fear interview and a stay of his deportation – fell outside the scope of the common-law habeas writ under *Thuraissigaim*); *Gahano v. Renaud*, No. C20-1094-MJP-MLP, 2021 WL 2530714, at *2 (W.D. Wash. June 21, 2021) ("[T]he Court concludes Petitioner's request for a stay of removal, premised on his pending motion to reopen, constitutes 'non-core' habeas relief, and therefore, he is not protected by the Suspension Clause."); *D.A.M. v. Barr*, 474 F. Supp. 3d 45, 62 (D.D.C. 2020) ("[Petitioners] seek to stay their deportation and thereby *remain* in custody.  Accordingly, the INA's bar to judicial review of the petitioner's home-country claims does not implicate the Suspension Clause.); *Kumar v. Wolf*, No. CV-20-00814-PHX-SPL, 2020 WL 5505418, at *4 (D. Ariz. Aug. 17, 2020) ("The relief that petitioner ultimately seeks – a new credible fear interview and a stay of his deportation – is not relief that has been

traditionally available via a writ of habeas corpus."), *adopted*, 2020 WL 5501336 (D. Ariz. Sept. 11, 2020). The undersigned finds these cases persuasive.

Petitioner presents nothing to adequately counter this caselaw. In the Petition, Petitioner cites three district court cases pre-dating *Thuraissigaim*. (Doc. 1, at 7) (citing *Compere v. Nielsen*, 358 F. Supp. 3d 170 (D.N.H. 2019); *Sean B. v. McAleenan*, 412 F. Supp. 3d 472 (D.N.J. 2019); *Devitri v. Cronen*, 289 F. Supp. 3d 287 (D. Mass. 2018)). Because these cases were decided before *Thuraissigaim*, the Court does not find them persuasive. See *D.A.M. v. Barr*, 486 F. Supp. 3d 404, 420 (D.D.C. 2020) ("Petitioners also rely on *Sean B*. . . . To the extent that case suggests that the Suspension Clause empowers courts to halt a deportation so that a noncitizen can take advantage of an administrative review process where 8 U.S.C. § 1252 otherwise bars judicial intervention, see *Sean B.*, 412 F. Supp. 3d at 491, it has lost its persuasive value in the wake of *Thuraissigiam*."). Additionally, the undersigned notes that Petitioner did not attempt to rebut Respondents' reliance on *Thuraissigiam* by way of a reply brief.

For the reasons stated above, the undersigned finds the Suspension Clause of the United States Constitution does not serve to grant the Court jurisdiction under the circumstances presented here.

  **B. Petitioner Does Not Qualify For a Reasonable Fear Interview Under 8 C.F.R. § 208.31.**

Petitioner contends that "even noncitizens subject to a final order of removal are entitled to a 'reasonable fear interview' with an asylum officer *prior to removal* if they express fear of return to their country of removal." (Doc. 1, at 7). Petitioner alleges – in

9

the most general of terms – that he fears he will be harmed if he is returned to Kenya. (Doc. 1, at 2, 11); *see also* (Doc. 1, at Ex. 3, at 1) (affidavit from attorney stating that Petitioner "fears returning to his country due to dangers present there and based on the extreme hardship related to the trafficking he endured" and that "he will experience harm if removed to his country"). Thus, he asserts he is entitled to a "reasonable fear interview" under 8 C.F.R. § 208.31(a)-(b)). (*Id.* at 12). And as relief in this action, he asks the Court to "issue a Writ of Habeas Corpus requiring that Respondents provide Petitioner with an opportunity to . . . have a reasonable fear interview." (*Id.* at 13). Respondents contend that Petitioner "is not entitled to such relief on the face of the regulation" as 8 C.F.R. § 208.31 does not apply to him. The undersigned agrees with Respondent that Petitioner is not entitled to relief under 8 C.F.R. § 208.31.[5]

8 C.F.R. § 208.31 applies to "any alien ordered removed under [8 U.S.C. § 1228(b)] or "whose deportation, exclusion, or removal order is reinstated under [8 U.S.C. § 1231(a)(5)]." 8 U.S.C. § 1228(b) provides that the Attorney General may issue an order of removal for an alien who is: (1) either not lawfully admitted for permanent residence or had permanent resident status on a conditional basis; and (2) has been convicted of an aggravated felony at any time after admission and thus is deportable under 8 U.S.C. § 1227(a)(2)(A)(iii). 8 U.S.C. § 1231(a)(5) addresses aliens who have "entered the United

---

[5] Respondent does not contest the Court's jurisdiction regarding this claim. (Doc. 9, at 8) (first arguing the regulation does not apply to Petitioner and then arguing "the Court lacks jurisdiction to provide the remaining requested relief.")

States illegally after having been removed or having departed voluntarily, under an order of removal."

Petitioner does not sufficiently allege either provision applies to him. He does not contend he has illegally reentered the United States after removal. Nor does he allege he has been convicted of an aggravated felony. Instead, the Board of Immigration Appeals found that Petitioner was removable under 8 U.S.C. § 1227(a)(3)(D) and also noted that Petitioner conceded removability under 8 U.S.C. § 1227(a)(1)(C)(1). Neither of these provisions are a basis for removal under 8 U.S.C. § 1228(b). Thus, 8 C.F.R. § 208.31 does not apply to Petitioner. So, Petitioner's claim is without merit.

## IV.   Recommended Ruling and Notice of Right to Object

For the reasons discussed above, the Court recommends that the Petition for habeas relief (Doc. 1) be **DISMISSED** without prejudice to refiling because: (a) the Court is without jurisdiction to entertain Petitioner's claims regarding a request for a stay from removal; and (b) based on the information presented in the Petition and other filings, Petitioner does not qualify for a reasonable fear interview under the asserted regulation.

**The court advises the parties of their right to object to this Report and Recommendation by December 30, 2025**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The Court further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 16th day of December, 2025.

*Amanda L. Maxfield*
AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE